UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

In re:

ALAIN VILLAR,                                    CASE NO. 23-12699-PGH

     Debtor

_____/

## MOTION TO DISMISS AND FOR SANCTIONS FOR BAD FAITH FILING OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM STAY

Sunwood, Inc. ("Creditor"), a secured creditor and party-in-interest in this proceeding, pursuant to 11 U.S.C. §1112, hereby moves to dismiss for cause the above-styled bankruptcy case based on the fact that the Debtor filed the petition initiating this case in bad faith in order to impair the Creditor's exercise of its lawful rights in a certain real property owned by the Creditor that is the subject of a pending judicial foreclosure proceeding.  The Creditor also asks this Court to impose sanctions on the Debtor for an egregious bad faith filing of the petition in this matter.

In the alternative, the Creditor requests entry of an order granting the Creditor immediate relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) to permit the Creditor (i) to obtain possession of real property following a judicial foreclosure sale that was held as of the petition date pursuant to an Order entered by the Circuit Court of Miami-Dade County, Florida, in that certain action styled *Sunwood, Inc., v. A1 Capital Investments, LLC, et al.,* case number 2022-004805 CA (01) and apply any proceeds of that sale, and (ii) to proceed with the exercise of any and all remedies available against any other property of the estate to collect the remaining indebtedness owed by the Debtor, if necessary.  In support of its motion, the Creditor submits as an exhibit a copy of the Final Judgment of Foreclosure, and states the following:

1

## INTRODUCTION

1.    The Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(G).  The statutory predicates for the relief requested herein are 11 U.S.C. §§105, 1307(c), and 362(d).

2.    Notice of this Motion has been given as required pursuant to Rules 2002, 4001, 7004, and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

**A.    Facts**

3.    A1 Capital Holdings, LLC, is a Florida limited liability company.  Debtor Alain Villar is listed in the records of the Florida Department of State as the sole member of A1 Capital Investments, LLC.  A1 Capital Investments, LLC, sole asset was real property located at 14045 SW 30 St., Miami, FL 33175 (the "Subject Property").

4.    The Creditor held a first mortgage on the Subject Property.

5.    As a result of the Debtor's failure to pay this note, the Creditor filed an action for foreclosure of the Subject Property in Miami-Dade County Circuit Court.  After a default was entered against A1 Capital Investments, LLC, and the Debtor, the Circuit Court entered a Default Final Judgment of Foreclosure on October 26, 2022, for $896,655.65.  A clerk's sale of the Subject Property was scheduled for December 5, 2022.  A copy of the  Final Judgment of Foreclosure is attached hereto as Exhibit A.

6.    The Creditor was the high bidder for the Subject Property at the foreclosure sale.  On February 18, 2023, the Clerk issued a Certificate of Title to the Subject Property to the Creditor.  An Amended Certificate of Title (which merely corrected the legal description of the

2

Subject Property) was issued on March 21, 2023.   Copies of both Certificates of Title are attached hereto as Exhibits B and C.

7.      The Creditor also received a Order for Writ of Possession from the Miami-Dade County Circuit Court directing that a writ of possession be issued "on or after April 6, 2023" to deliver possession of the Subject Property to the Creditor.   A copy of that Order is attached hereto as Exhibit D.

8.      However, on April 6, 2023, when the undersigned's agent attempted to obtain the writ of possession, he was prevented fomr doing so by the filing of the instant Petition for Bankruptcy.

9.      As no time did the Debtor have a possessory interest in the Subject Property.   The Final Judgment of Foreclosure entered in the Circuit Court case does not grant any relief against the Debtor.   Further, any interest that the Debtor's company had in the Subject Property was terminated by the issuance of the Certificate of Title to the Creditor.   Yet the filing of the instant Petition has prevented and will continue to prevent the Creditor from obtaining possession of the Subject Property that it purchased on February 16, 2023.

10.     It is also noteworthy that the Debtor never sought any relief in the Miami-Dade Circuit Court nor did it ever file a timely appeal of the Default Final Judgment entered therein.

11.     The Debtor is using the assets of this Court to thwart the Creditor in its legitimate efforts to obtain possession of its Subject Property.

12.     Further, the Debtor apparently continues to use the Subject Property, subjecting it to depreciation and risk of loss.

13.     This Creditor lacks adequate protection for its interest in the collateral.

3

14.     If the Creditor is not permitted to enforce its ownership interest in the collateral or is not provided with adequate protection, it will suffer irreparable injury, loss, and damage.

## ARGUMENT

### *The Debtor's Bankruptcy Case Was Filed in Bad Faith and Is Due to be Dismissed for Cause Under 11 U.S.C. § 707(a)*

Section 707(a) provides that "[t]he court may dismiss a case under this chapter [7] ... for cause...." Bad faith can constitute cause for dismissal under section 707(a). *Piazza v. Nueterra Healthcare Physical Therapy, LLC*, 469 B.R. 388 (S.D. Fla. 2012); *In re Kane & Kane*, 406 B.R. 163, 167 (Bankr. S.D. Fla. 2009) (citing *In re Tallman*, 397 B.R. 451, 454 (Bankr. N.D. Ind. 2008)); *In re Baird*, 456 B.R. 112 (Bankr. M.D. Fla. 2010); *In re Boca Village Assn., Inc.*, 422 B.R. 318 (Bankr. S.D. Fla. 2009); *In re McDaniel*, 363 B.R. 239 (M.D. Fla. 2007); *In re Davidoff*, 185 B.R. 631 (Bankr. S.D. Fla. 1995).

The controlling authority in the Eleventh Circuit as to what constitutes "cause" for dismissal is *In re Piazza*, 719 F.3d 1253 (11th Cir. 2013). In Piazza, the Eleventh Circuit held that "the power to dismiss a bankruptcy case 'for cause' in § 707(a) includes the power to involuntarily dismiss a Chapter 7 case based on prepetition bad faith" and "a totality-of-the-circumstances approach is the correct legal standard for determining bad faith under § 707(a). *Id.* at 1261, 1271. The *Piazza* court explained that "[t]he totality-of-the-circumstances inquiry looks for 'atypical' conduct . . . that falls short of the 'honest and forthright invocation of the Bankruptcy Code's protections.'" *Id.* A court evaluating whether bad faith has occurred is required to examine whether a debtor's intentional acts or omissions to act "constitute a misuse or abuse of the provisions, purpose, or spirit of the Bankruptcy Code." *Id.* at 1272.

4

This case should be dismissed for cause because the Debtor filed the petition in bad faith. *See In re State Street Houses, Inc.*, 356 F. 3d 1345, 1347 (11th Cir. 2004); *In re Phoenix Piccadilly,. Ltd.*, 849 F .2d 1393, 1394-1395 (11th Cir. 1988).

The Eleventh Circuit has identified a number of factors which evidence a bad faith filing, including:

i) the debtor has only one asset to which it holds legal title;

ii) the debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;

iii) the debtor has few employees;

iv) the debtor's property is the subject of a foreclosure action as a result of arrearages on the debt;

v) the debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending foreclosure proceedings; and

vi) the timing of the debtor's bankruptcy filing evidences an intent of the debtor to delay or frustrate the legitimate efforts of the secured creditors to enforce their rights.

*In re State Street Houses, Inc.*, 356 F. 3d 1345, 1347 (11th Cir. 2004); *In re Phoenix Piccadilly, Ltd*, 849 F. 2d 1393, 1394-1395 (11th Cir. 1988).

In the instant case, facts demonstrating the bad faith of the Debtor in initiating the instant bankruptcy case include, without limitation, the following:

a.  The Debtor doesn't even have a single asset, as did the debtor in *Piazza*. The Debtor does not own the single large asset and never did.  The single large asset was owned by his LLC. Still, this Petition is about only one asset, to wit: the Subject Property.

5

b. The Debtor has listed few unsecured creditors.  Even if there are unsecured creditors, their claims are small in relation to that of the secured Creditor, Sunwood, Inc.  See *Matter of W & L Land,* 1989 WL 200941, at *2 (Bankr. S.D. Ga., Jan. 30, 1989)(determining that the debtor's $50,500 in unsecured debt was relatively small when compared to the secured debt of $362,700).

c.  The Debtor has no equity in the Subject Property as the Subject Property is currently owner by the Creditor; as a result, the Debtor has little or no equity in the Collateral.

d.  The Subject Property is and has been the subject of a foreclosure proceeding.

e.  The bankruptcy was filed *on the same day* of the direction of the Court to the Clerk to issue a writ of possession, a direction that had been pending for more than a month.

f,  The Debtor has no employees.

g.  The Debtor has been in material default of payment of its mortgage for months.

h.  The Debtor does not have the funds to make payments to the Creditor.

i.  There are no funds available to make adequate protection payments to the Creditor or to obtain insurance to protect the subject real property.

k.  The Debtor has no unencumbered assets.

l.  This situation is basically a two party dispute between the Debtor and the Creditor's company.  The only reason the Debtor filed this case was to avoid what was ordered by the Miami-Dade County Circuit Court in its Order for Writ of Possession.  But for the Debtor's obvious inability to defend the foreclosure action, "there would not have been any need to seek relief in the bankruptcy court." *In re Adell,* 310 B.R. 460, 467 (Bankr. M.D. Fla. 2004).

m.  The bankruptcy petition was filed solely to delay the Creditor from enforcing its rights.  The timing of both the initial filing by the Debtor's sole officer, which was on the same day that the Creditor could obtain a writ of possession removing the Debtor and others from the

6

Creditor's property as ordered by the Miami-Dade County Circuit Court, and the instant filing, clearly evidences the Debtor's intent to frustrate the legitimate efforts of the Creditor in enforcing its contractual and statutory rights, as granted by the Circuit Court's Final Judgment of Foreclosure.

In applying all of the factors set forth in the above-cited case law to this case, it is clear that the petition was filed in bad faith, thereby warranting dismissal of this case. These factors clearly demonstrate that the Debtor did not file this case with a good faith intent to liquidate but rather with the intent of forestalling the pending removal from the foreclosed Subject Property. The Debtor's bankruptcy case involves only that property which was subject to the Final Judgment of Foreclosure, and is essentially a two party dispute between the Debtor and the Creditor. As stated by one Florida Bankruptcy Court, "where a debtor's reorganization effort involves essentially a two-party dispute which can be resolved outside the bankruptcy court's jurisdiction, and the purpose of the filing is to frustrate a creditor's sale, it has been held that the petition was not filed in good faith." *In re Mildevco*, 40 B.R. 191, 193 (Bankr. S.D. Fla. 1984). Accordingly, this case is due to be dismissed "for cause" under Section 707(a).

### *Creditor is Entitled to Relief from the Stay*

Even if the bankruptcy is not dismissed, the Creditor is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) in order to pursue and enforce its rights in the Circuit Court action, including exercising the remedies granted by the Circuit Court in its Final Judgment of Foreclosure and Order for Writ of Possession.

Under Section 362(d)(1), relief from the automatic stay is appropriate for "cause including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The burden of proof on a motion to modify the automatic stay is a shifting

one.  Section 362(d)(1) requires an initial showing of cause by the movant, while § 362(g)(2) shifts the burden of proof to the debtor for all issues other than the debtor's equity in the property.

"Cause" for relief exists in the instant case for the following reasons:

a.  The bad faith described above constitutes "cause" for stay relief under Section 362(d)(1).  *See In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir. 1988)(citing *Natural Land Corp. v. Baker Farms, Inc.*, 825 F.2d 296 (11th Cir. 1987)("An automatic stay may be terminated for 'cause' pursuant to Section 362(d)(1) of the Bankruptcy Code if a petition was filed in bad faith.").

b.  The Debtor is in default for his company's having failed to make adequate and timely payment to the Creditor when due and payable.  As of the petition date, the outstanding balance of the indebtedness was over $900,000 plus accruing interest (at a rate of $116.68 per day), attorney's fees and other expenses.

c.  The Debtor has not provided the Creditor with any protection, much less adequate protection, of the Creditor's interest in the collateral including insurance.

In light of the foregoing, the Creditor is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause in order to enforce its interest in the collateral.

### *Creditor is Entitled to Sanctions from the Debtor*

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, as follows:

> (b) Representations to the court
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's

8

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Authorities applying Rule 11, Fed.R.Civ.P., are useful in interpreting Bankruptcy Rule 9011. *See In re Mroz*, 65 F.3d 1567, 1572 (11th Cir. 1995). Sanctions are appropriate under Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001)).

Although both Rule 11 and Bankruptcy Rule 9011 contain 21 day safe harbor provisions, the safe harbor provision is inapplicable here. This is because while Bankruptcy Rule 9011 is really the equivalent sanctions rule to Rule 11, there is one significant difference, to wit: the automatic stay. *In re Schaefer Salt Recovery, Inc.*, 542 F. 3d 90, 100 (3d Cir. 2008). Under the Bankruptcy Code, the filing of a petition for bankruptcy operates, with some exceptions, as a stay of the commencement or continuation of certain judicial, administrative, or other actions or proceedings against the debtor, enforcement of judgments against a debtor or the property of the estate, and other acts by creditors against debtors. 11 U.S.C. §362(a). The purpose of the automatic stay is "to afford the debtor a 'breathing spell' by halting the collection process. It

9

enables the debtor to attempt a repayment or reorganization plan with an aim toward satisfying existing debt." *In re Siciliano*, 13 F.3d 748, 750 (3d Cir. 1994).

Congress addressed the serious consequences of the automatic stay by adding an exception to the safe harbor provision in the 1997 amendments to Bankruptcy Rule 9011 when the offending "paper" is a petition for bankruptcy, something it did not do in the amendments to Rule 11 in 1993. Fed.R.Bankr.P. 9011(c)(1)(A). Thus, the 21 day safe harbor period of Rule 9011 does not apply. *In re Schaefer Sale Recovery*, 542 F. 3d at 100. Congress explained the reason for the bankruptcy petition exception:

> The filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the petition. In addition, a petition for relief under chapter 7 or chapter 11 may not be withdrawn unless the court orders dismissal of the case for cause after notice and a hearing.

Fed.R.Bankr.P. 9011 advisory committee's notes to 1997 amendments. The exception evidences a concern that a party subject to an automatic stay would be forced to choose between seeking sanctions, which would require it to wait up to twenty-one days before seeking dismissal of the petition, and the immediate filing of a motion to dismiss the bad faith petition. Without the exception, a party would be forced to abandon its request for sanctions in order to seek dismissal of the petition as quickly as possible. *In re Schaefer Sale Recovery*, 542 F. 3d at 100.

In addition to depriving the Creditor of its rights to foreclose on its unpaid mortgage, the Debtor and its president, Martha E. Fernandez, has now caused the Creditor to incur additional legal fees in seeking dismissal of or relief from this frivolous petition. The mortgage between the parties provides that the prevailing party in any litigation between them shall recover its reasonable attorney's fees from the other party. While this statute alone would serve as a basis for an award of attorney's fees to the Creditor from the Debtor, the Creditor respectfully submits

that in view of the facts of this case, sanctions in the form of attorney's fees should be imposed against Debtor's president. *In re Mroz*, 65 F. 3d 1567 (11th Cir. 1995).

Rule 9011 provides a mechanism by which a Bankruptcy Court may sanction frivolous conduct where, by signing and filing a pleading or other paper, the signor has certified to the court that such submissions are not being presented for an improper purpose.  Sanctions under Bankruptcy Rule 9011 are warranted when the papers are frivolous, legally unreasonable, or without foundation and also where the papers are filed in bad faith or for improper purpose. *In re Mroz*, 65 F. 3d 1567 (11th Cir. 1994).  Sanctions under Rule 9011 are permissible where the objectionable court paper (in this case, the Petition for Relief) is signed in violation of the rule. *Jones v. International Riding Helmets, Ltd.*, 49 F. 3d 692, 694 (11th Cir. 1995) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1507 (11th Cir. 1991)).  In such circumstances, the court is obligated to impose sanctions even if the paper is signed in good faith. *Jones*, 49 F.3d at 695 (citing *McGuire Oil Co. v. Mapco, Inc.*, 958 F.2d 1552, 1563 (11th Cir. 1992)).

However, the language of the referenced rules is no substitute for the Court's inherent power to fashion an appropriate sanction. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Thus, Bankruptcy Rule 9011 does not limit the nature of conduct as to which the Court my impose sanctions, as the inherent power of the Court extends to the full range of litigation abuses. *Id.*  A court may assess attorney's fees as a proper sanction for conduct that is in bad faith, vexatious, wanton, or for oppressive reasons. *Roadway Express v. Piper*, 447 U.S. 752 (1980).

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes.

11

Id. at 766.

As a result of the frivolous and unjustified actions taken by the Debtor, the judicial resources of this Court have been wasted, simply to allow a delinquent Debtor to continue to possess the Subject Property and to frustrate the Creditor in its legitimate rights to obtain possession of its real property. This abuse of the bankruptcy privilege should not go unpunished.

WHEREFORE, Sunwood, Inc., respectfully requests that this Court enter an order dismissing this case under 11 U.S.C. §707(a), and to award this Movant its reasonable attorney's fees incurred in the filing of this Motion, imposed against the Debtor. In the alternative, Sunwood, Inc., requests that this Court enter an order immediately terminating the automatic stay imposed by 11 U.S.C. §362 so that it may exercise its rights and remedies granted by the Miami-Dade County Circuit Court in its Final Judgment of Foreclosure and Order for Writ of Possession. Sunwood, Inc., requests all further relief as deemed just and appropriate by this Court.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: April 7, 2023                                  Respectfully submitted,

                                                      /s/ Dane T Stanish

                                                      _____
                                                      DANE T. STANISH
                                                      E-mail: stanishd@gmail.com
                                                      Fla. Bar ID No. 931993
                                                      Law Offices of Dane Stanish, P.A.
                                                      3475 Sheridan Street, Suite 209
                                                      Hollywood, FL 33021
                                                      Telephone (954) 923-0524
                                                      Facsimile (888) 632-4944
                                                      Counsel for Sunwood, Inc.

I hereby certify that on April 7, 2023, the foregoing document is being served this day on all counsel of record via the Court's CM/ECF transmission upon all parties.

/s/ Dane T Stanish

Dane T. Stanish

Filing # 159982778 E-Filed 10/26/2022 09:42:53 AM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004805-CA-01
SECTION: CA15
JUDGE: Jose Rodriguez

**Sunwood, Inc.**

Plaintiff(s)

vs.

**A1 Capital Holdings, LLC et al**

Defendant(s)

_____ /

## DEFAULT FINAL JUDGMENT OF FORECLOSURE

THIS ACTION was heard before the Court on Plaintiff=s Motion for Default Judgment of Foreclosure on October 26, 2022, against A1 Capital Holdings, Alain Villar, and Orengo Investments, LLC.  On the evidence presented IT IS ORDERED AND ADJUDGED that Plaintiff=s Motion for Summary Judgment is GRANTED.

1. **Amounts Due and Owing.**  Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $750,000.00 |
| Interest on the note and mortgage from 5/1/21 to 10/1/22 | $127,000.00 |
| (per diem interest of $246.5753 after 10/1/22) | |
| Title search expenses | $    95.00 |
| Taxes  $ | |
| Insurance premiums | |

Attorneys= Fees:

| | |
|---|---|
| Finding as to reasonable number of hours __Flat Fee____ | |
| Finding as to reasonable hourly rate        __$450.00___ | |
| Attorneys= Fees Total | $  7,500.00 |

Court Costs, Now Taxed:

| | | |
|---|---|---|
| Filing fee | $ | 1,916.00 |
| Summonses | $ | 70.00 |
| Service of Process | $ | 1,735.00 |
| Publication for Service of Process | $ | 354.65 |
| Publication for Daily Business Review | $ | 245.00 |
| Clerk=s Sale Fee | $ | 90.00 |
| SUBTOTAL | | $ 889,005.65 |

Additional Costs:

| | | |
|---|---|---|
| Late Fees_____ | $ | 7,650.00 |
| _____ | $ | _____ |
| GRAND TOTAL | | $ 896,655.65 |

2. **Interest.** The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing rate of interest, 4.75% a year.

3. **Lien on Property.** Plaintiff, whose address is P.O. Box 714, Pompano Beach, FL 33061, holds a lien for the grand total sum superior to all claims or estates of the defendants on the following described property in Miami-Dade County, Florida:

**That portion of a tract in the plat of J.G. Head's Farms, as recorded in Plat Book 46, Page 44, of the Public Records of Miami-Dade County, Florida, and more particularly described as follows:**

**The West 89.75 feet of the East 179.5 feet of the West 573.50 feet of Tract 28, lying in Section 15, Township 54 South, Range 39 East, as shown on the aforementioned plat of J.G. Head's Farms, less and except the South 25 feet thereof for road purposes.**

Property Address: 14045 SW 30 St., Miami, FL 33175

4. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale. Pursuant to Administrative Order 09-18, the Clerk of the Courts for the Eleventh Judicial Circuit is authorized to conduct on-line public auctions of real property in lieu of on-site auctions. The Clerk of the Courts shall conduct the sale online at www.miamidade.realforeclose.com commencing at 9:00 a.m. on November 30, 2022, to the highest bidder for cash.

5. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for

them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff=s bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6. **Distribution of Proceeds.**  On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff=s costs; second, documentary stamps affixed to the Certificate; third, plaintiff=s attorney's fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale, and by retaining any remaining amount pending further order of this Court.

7. **Right of Possession.**  On filing the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall foreclosed of all estate or claim in the property, except as to claims or rights under Section 45.01315, Florida Statutes, shall be terminated, except as to claims or rights under Chapter 718 or Chapter 720, Fla.Stat., if any.  On filing of the Certificate of Title, the person named in the Certificate of Title shall be let into possession of the property, subject to tenant protections in accordance with the provisions of Section 83.561, Fla.Stat.

8. **Attorneys Fees.**  If a default judgment has been entered against the mortgagor:

Because a default judgment has been entered against the mortgagor and because the fees requested do not exceed 3% of the principal amount owed at the time the complaint was filed, it is not necessary for the court to hold a hearing or adjudge the requested attorneys' fees to be reasonable.

If no default has been entered against the mortgagor:

The court finds, based upon the affidavits/testimony presented and upon reasonable inquiry of counsel for the plaintiff that 7.6 hours were reasonably expended by that plaintiff's counsel and that an hourly rate of $450.00 is appropriate. Plaintiff's counsel represents that the attorneys' fee awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to Florida Patients Compensation Fund v. Rowe, 472 So. 2d 1 145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then reduction or enhancement factors must be identified and explained herein).

If the fees to be awarded are a flat fee:

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and the at the flat fee is reasonable

9. **Jurisdiction.**  The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA, WITHIN TEN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 NW FIRST AVENUE, SUITE 214, MIAMI, FLORIDA (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>26th day of October, 2022</u>.

2022-004805-CA 10-26-2022 9:36 AM

<u>2022-004805-CA-01 10-26-2022 9:36 AM</u>
Hon. Jose Rodriguez

**CIRCUIT COURT JUDGE**
Electronically Signed

---

Final Order as to All Parties SRS #: <u>**12**</u> (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

---

**Electronically Served:**
Carolyn N. Budnik, carolyn@cbudlaw.com
Dane T Stanish, stanishd@gmail.com
Dane T Stanish, theantons@att.net


**Physically Served:**
A1 Capital Holdings, LLC, 14045 SW 30 Street, Miami, FL 33175
Alain Villar, 14045 SW 30 Street, Miami, FL 33175
Orengo Investments LLC, 7355 SW 89 St. #504N, Miami, FL 33156

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CFN 2023R0114914
OR BK 33588 Pg 3989 (1Pgs)
RECORDED 02/21/2023 14:40:17
DEED DOC TAX $153.60
LUIS G. MONTALDO, CLERK AD INTERIM
MIAMI-DADE COUNTY, FL

Sunwood, Inc.
Plaintiff(s) / Petitioner(s)

VS.

A1 Capital Holdings, LLC , et al.
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION
Case No:           2022-004805-CA-01
Section:           Section, CA 15
Doc Stamps:        $153.60
Surtax:            $0.00
Consideration:     $25,600.00

## CERTIFICATE OF TITLE

**The undersigned clerk** of the court certifies that a Certificate of Sale was executed and filed in this action on December 05, 2022, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

The West 89.75 feet of the East 179.5 feet of the West 573.50 feet of Tract 28, lying in Section 15, Township 54 South, Range 39 East, as shown on the aforementioned plat of J.G. Head's Farms, less and except the South 25 feet thereof for road purposes.

Property Address: 14045 SW 30 St., Miami, FL 33175

was sold to:

SUNWOOD, INC.
C/O DANE T. STANISH, P.A.
3475 Sheridan Street Suite 209
Hollywood, FL, 33021

WITNESS my hand and the seal of this court on  February 16, 2023 .

*Luis G. Montaldo*

Luis G. Montaldo, Clerk AD Interim
Miami-Dade County, Florida

FILED FOR RECORD
CIVIL DIVISION #65
2023 FEB 16  AM 10: 35
CIRCUIT & COUNTY COURTS
MIAMI-DADE COUNTY, FL

Rev. 10/5/2009

1



**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CFN 2023R0191334
OR BK 33632 Pg 1227 (1Pgs)
RECORDED 03/21/2023 16:14:06
LUIS G. MONTALDO, CLERK AD INTERIM
MIAMI-DADE COUNTY, FL

| | |
|---|---|
| Sunwood, Inc.<br>Plaintiff(s) / Petitioner(s)<br><br>VS.<br><br>A1 Capital Holdings, LLC , et al.<br>Defendant(s) / Respondents(s) | GENERAL JURISDICTION DIVISION<br>Case No:          2022-004805-CA-01<br>Section:          Section, CA 15<br>Doc Stamps:    $153.60<br>Surtax:           $0.00<br>Consideration:  $25,600.00 |

**CORRECTED
CERTIFICATE OF TITLE**

**The undersigned clerk** of the court certifies that a Certificate of Sale was executed and filed in this action on December 05, 2022, for the property described herein and that no objections to the sale have been filed within the time allowed for filing objections.

The following property in Miami-Dade County, Florida:

That portion of a tract in the plat of J.G. Head's Farms, as recorded in Plat Book 46, Page 44, of the Public Records of Miami-Dade County, Florida, and more particularly described as follows:

The West 89.75 feet of the East 179.5 feet of the West 573.50 feet of Tract 28, lying in Section 15, Township 54 South, Range 39 East, as shown on the aforementioned plat of J.G. Head's Farms, less and except the South 25 feet thereof for road purposes.

Property Address: 14045 SW 30 St., Miami, FL 33175

was sold to:
SUNWOOD, INC.
C/O DANE T. STANISH, P.A.
3475 Sheridan Street Suite 209
Hollywood, FL, 33021

WITNESS my hand and the seal of this court on  March 21, 2023.

*Luis G. Montaldo*

Luis G. Montaldo, Clerk AD Interim
Miami-Dade County, Florida

**\*\*\*THIS CORRECTS THE CERTIFICATE
OF TITLE RECORDED IN OFFICIAL
RECORDS BK: 33588 AT PG: 3989\*\*\***

Rev. 10/5/2009

1

Filing # 168216328 E-Filed 03/07/2023 02:36:00 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2022-004805-CA-01
SECTION: CA15
JUDGE: Jose Rodriguez

**Sunwood, Inc.**

Plaintiff(s)

vs.

**A1 Capital Holdings, LLC et al**

Defendant(s)

_____/

### ORDER FOR WRIT OF POSSESSION

THIS MATTER was heard on March 7, 2023, on the Sunwood, Inc.'s Motion for Writ of Possession.  The Court does thereupon

ORDER AND ADJUDGE that the Motion for Writ of Possession is GRANTED and the Clerk shall issue a writ of possession, on or after April 6, 2023.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 7th day of March, 2023.

2022-004805-CA-01 03-07-2023 2:26 PM
Hon. Jose Rodriguez

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Blanca Schulz, uremailcontact@gmail.com
Carlos Alberto Garcia-Soler, gs@madhitechpower.com
Carlos Alberto Garcia-Soler, uremailcontact@gmail.com

Carolyn N. Budnik, carolyn@cbudlaw.com
Dane T Stanish, stanishd@gmail.com
Dane T Stanish, theantons@att.net
Maritere Andreu, maritereandreu@gmail.com
Ray Garcia, service@raygarcialaw.com


**Physically Served:**