U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUN 1 2 2023

FILED_____ RECEIVED_____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT COURT OF FLORIDA

**In re**

ALAIN VILLAR

Case No.**23-12699**

Chapter 7

Debtor,

---

## NOTICE OF APPEAL

---

The Debtor, ALAIN VILLAR to Rule 8002/4/6 hereby files a notice of appeal on the orders of <u>May 26th, 2023</u> to the District Court final orders on the following grounds.

**(A)** Bankruptcy Judge Hayman with judicial capacity over pending cases from

AJC not newly filed cases.

<u>Hayman was not certify staff by the Judicial Council</u>

**(B)** The Dismissal Order is short and succinct requires no further explanation

<u>Motion for transcription of the recorded oral hearing ruling.</u>

Filed this June 5th, 2023



ALAIN VILLAR
/Debtor/
VALBERTO SOLAR/
Miami, Fl. 33143

entered General Order 2020-Q (the "Recall Order"). The Recall Order includes the

following provisions:

> WHEREAS, Honorable Paul G. Hyman, Jr. has consented to serve as a recalled bankruptcy judge in the Southern District of Florida pursuant to the regulations promulgated by the Judicial Conference of the United States and the rules adopted by the Eleventh Circuit Judicial Council; and
>
> WHEREAS, it has been determined by this Judicial Council that the services of a bankruptcy judge are needed for the Southern District of Florida. and that the Judicial Council hereby certifies that substantial services will be provided by Bankruptcy Judge Hyman;
>
> IT IS ORDERED, pursuant to 28 U.S.C. § 155(b), that Bankruptcy Judge Hyman is recalled into service as a United States Bankruptcy Judge in the Southern District of Florida for a period of three years effective January 4, 2021, until January 3, 2024. The recall is subject to an annual certification by the chief bankruptcy judge that substantial work exists for him to perform. He is authorized to serve at all locations at which the Southern District of Florida conducts bankruptcy cases. He is authorized to possess all powers and conduct all duties of active bankruptcy judges. The Judicial Council does not certify staff for Bankruptcy Judge Hyman.

On December 21, 2022, Chief Judge Laurel M. Isicoff entered General Order

2022-03 (the "Assignment Order"). The Assignment Order contains the following

provisions:

1. Beginning January 14, 2023, all newly filed chapter 7 and 13 cases, and adversary proceedings shall be assigned to Judge Paul G. Hyman, Jr., as provided under Local Rule 1073-1(A)(2). Specifically, Judge Paul G. Hyman, Jr., Chief Judge Laurel M. Isicoff, and Judge Robert A. Mark will each receive one-third of the Miami division cases filed under chapters 7 and 13 of the Bankruptcy Code. Judge Hyman will not receive assignment of any new chapter 11, 12 or 15 cases; and

2. All pending and reopened cases and any related adversary proceedings shall be reassigned from retired bankruptcy Judge A. Jay Cristol to Judge

4

Paul G. Hyman, Jr. The Clerk of Court is directed to effect the transfer of these cases by entering an electronic transfer entry on the court docket in every affected case and adversary proceeding to reflect the current judge assignment; and

3. Hearings, including those hearings scheduled in cases and adversary proceedings reassigned under this order to Judge Hyman, will proceed on the date and time as scheduled. Judge Hyman will conduct these hearings pending the appointment of a new judge; and

4. Nothing in this order shall preclude the future transfer of cases or adversary proceedings to Judge Hyman, or if later deemed appropriate, reassignment of cases or adversary proceedings to another judge of this court; and

5. Reassignment of cases and adversary proceedings pursuant to this Order shall be effective on January 14, 2023.

On January 24, 2023, Ashlyn D. Beck, Circuit Executive, issued a memorandum (the "Memorandum") acknowledging that Chief Judge Laurel M. Isicoff timely submitted an Annual Certification of Need on January 6, 2023 affirming that substantial work exists for my services as a bankruptcy judge in this district. The Memorandum notes that my recall term began on January 4, 2021 and continues for three years.

This Court currently maintains, and has consistently maintained throughout the time of my recall status, a website that is open to the public. The website lists all current bankruptcy judges for the United States Bankruptcy Court for the Southern District of Florida by order of seniority. My name is listed immediately below that of Chief Judge Laurel M. Isicoff. The Court maintains, and has consistently maintained throughout the time of my recall status, a webpage informing the general public of my status as a recall judge, contact information, procedures, and other essential

5



**ORDERED in the Southern District of Florida on May 26, 2023.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                       Case No.: 23-12699-PGH

Alain Villar,                                Chapter 7

Debtor.
_____/

### ORDER DENYING MOTION TO RECONSIDER (ECF NO. 32)

**THIS MATTER** came before the Court upon the document titled *9023 Motion Alter-Amend-Clarification* (ECF No. 32) (the "Alter-Amend Motion") filed by pro se debtor Alain Villar ("Debtor"). In the Alter-Amend Motion, Debtor styles his request for relief as a request for relief pursuant to Bankruptcy Rule 9023. Although the Alter-Amend Motion does not cite to an order by ECF number, references to the date of entry and a review of the full docket indicates that Debtor filed the Alter-Amend

Motion in connection with entry of the order of dismissal entered as ECF No. 24 (the "Dismissal Order").[1]

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at *2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted). Reconsideration of a prior order is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.,* 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing discretion of court to weigh potential for manifest injustice).

## ANALYSIS

Debtor moves for relief pursuant to Bankruptcy Rule 9023,[2] alleging that the Dismissal Order "omits references to PGH determination as to Creditor Sunwood in

---

[1] The Dismissal Order grants dismissal and denies Debtor's motion for sanctions. Debtor filed another motion (ECF No. 33) (the "Reconsideration Motion") also seeking relief pursuant to Bankruptcy Rule 9023, but alleging a different basis for relief. After filing the Reconsideration Motion and the Alter-Amend Motion, Debtor also filed a notice of appeal (ECF No. 30) of the Dismissal Order.

[2] Debtor bases his request for relief solely upon Bankruptcy Rule 9023.

contempt for willful violation of the automatic stay." ECF No. 32.

The Dismissal Order addresses Sunwood Inc.'s request for stay relief and dismissal as well as Debtor's request for sanctions. The Dismissal Order is short and succinct. Its terms require no further explanation.

Debtor filed the Alter-Amend Motion fifteen days after entry of the Dismissal Order. Bankruptcy Rule 9023 requires filing a motion within fourteen days after entry of the subject order. The Alter-Amend Motion is therefore untimely and the Court will deny it on that basis.

Even if the Alter-Amend Motion were timely filed, however, it is still defective because it does not assert an intervening change in controlling law or the availability of new evidence. The Alter-Amend Motion likewise provides no basis for an assertion that entry of the Dismissal Order constituted clear error or resulted in manifest injustice.

Having considered the Alter-Amend Motion and the full record of this Bankruptcy Case, the Court **ORDERS** that:

1. The Alter-Amend Motion (ECF No. 32) is DENIED.

2. The Court shall retain jurisdiction over all matters relating to the interpretation or implementation of this Order.

###

Copies furnished to:

All parties by the Clerk.

3



**ORDERED in the Southern District of Florida on May 26, 2023.**

Paul Hyman

**Paul G. Hyman, Jr., Judge**
**United States Bankruptcy Court**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### www.flsb.uscourts.gov

In re:                                          Case No.: 23-12699-PGH

Alain Villar,                                   Chapter 7

Debtor.
_____/

## ORDER DENYING MOTION TO RECONSIDER (ECF NO. 33)

**THIS MATTER** came before the Court upon the document titled *9023 Voidness Action* (ECF No. 33) (the "Motion") filed by pro se debtor Alain Villar ("Debtor"). In the Motion, Debtor styles his request for relief as a motion for reconsideration pursuant to Bankruptcy Rule 9023. Although the Motion does not cite to an order by ECF number, references to the date of entry and a review of the full docket indicates that Debtor filed the Motion in connection with entry of the order

of dismissal entered as ECF No. 24 (the "Dismissal Order").[1]

## LEGAL STANDARD

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Jean-Felix v. Chicken Kitchen USA, LLC,* No. 10-23105-CIV, 2013 WL 2243966, at \*2 (S.D. Fla. May 21, 2013) (citing *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir. 2007)) (internal quotation marks omitted).

Within the context of a bankruptcy case, two rules provide potential avenues for reconsideration. The first option, Bankruptcy Rule 9024, incorporates by reference Rule 60(b) and applies to most orders. Bankruptcy Rule 9023 incorporates Rule 59 and applies primarily to final judgments. Because a bankruptcy case is an amalgamation of many smaller controversies, there has been some confusion over whether Bankruptcy Rule 9023 or Bankruptcy Rule 9024 applies in the context of a final court order issued in a main bankruptcy case. Courts often apply Bankruptcy Rule 9023 (and thus Rule 59) where an order results in a final determination of a contested matter and the affected party files a motion for reconsideration within the time permitted for filing an appeal. *See United Student Funds, Inc. v. Wylie (In re Wylie),* 349 B.R. 204, 209 (B.A.P. 9th Cir. 2006).

Reconsideration of a prior order is "an extraordinary remedy to be employed

---

[1] The Dismissal Order grants dismissal and denies Debtor's motion for sanctions. Debtor filed another motion (ECF No. 32) (the "Alter-Amend Motion") also seeking relief pursuant to Bankruptcy Rule 9023, but alleging a different basis for relief. After filing the Alter-Amend Motion and the Motion, Debtor also filed a notice of appeal (ECF No. 30) of the Dismissal Order.

2

sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F.Supp.2d 1366, 1370 (S.D. Fla. 2002) (internal citation omitted). Reconsideration is appropriate where there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice. *Id.* at 1369. Substantial discretion rests with this Court in its analysis of a request for reconsideration. *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube Inc.,* 107 F.R.D. 665, 670-71 (S.D. Fla. 1985); *see also Medley v. Westpoint Stevens, Inc.*, 162 F.R.D. 697, 698-99 (M.D. Ala. 1995) (describing discretion of court to weigh potential for manifest injustice).

## ANALYSIS

Debtor moves for relief pursuant to Bankruptcy Rule 9023,[2] alleging that this Judge (Judge Paul G. Hyman, Jr.),[3] lacks the authority to enter orders in a bankruptcy case. Debtor contends that the Eleventh Judicial Circuit failed to imbue me with the requisite power to act as a bankruptcy judge, and further asserts that there is no public notice of my status as a presiding judge in the Southern District of Florida.

Debtor is mistaken. On December 16, 2020, Chief Judge William H. Pryor, acting on behalf of the Judicial Council of the United States Eleventh Judicial Circuit,

---

[2] Debtor bases his request for relief solely upon Bankruptcy Rule 9023. The Motion was filed 15 days after the date of entry of the Dismissal Order. The Court analyzes the Motion as if it were timely filed but will deny it for all the reasons stated herein, including timeliness.

[3] The Motion mistakenly identifies this Judge's name as Judge Paul "Hayman".

3

entered General Order 2020-Q (the "Recall Order"). The Recall Order includes the

following provisions:

WHEREAS, Honorable Paul G. Hyman, Jr. has consented to serve as a
recalled bankruptcy judge in the Southern District of Florida pursuant to
the regulations promulgated by the Judicial Conference of the United
States and the rules adopted by the Eleventh Circuit Judicial Council; and

WHEREAS, it has been determined by this Judicial Council that the
services of a bankruptcy judge are needed for the Southern District of
Florida, and that the Judicial Council hereby certifies that substantial
services will be provided by Bankruptcy Judge Hyman;

IT IS ORDERED, pursuant to 28 U.S.C. § 155(b), that Bankruptcy Judge
Hyman is recalled into service as a United States Bankruptcy Judge in
the Southern District of Florida for a period of three years effective
January 4, 2021, until January 3, 2024. The recall is subject to an annual
certification by the chief bankruptcy judge that substantial work exists
for him to perform. He is authorized to serve at all locations at which
the Southern District of Florida conducts bankruptcy cases. He is
authorized to possess all powers and conduct all duties of active
bankruptcy judges. The Judicial Council does not certify staff for
Bankruptcy Judge Hyman.

On December 21, 2022, Chief Judge Laurel M. Isicoff entered General Order

2022-03 (the "Assignment Order"). The Assignment Order contains the following

provisions:

1. Beginning January 14, 2023, all newly filed chapter 7 and 13 cases, and
adversary proceedings shall be assigned to Judge Paul G. Hyman, Jr., as
provided under Local Rule 1073-1(A)(2). Specifically, Judge Paul G.
Hyman, Jr., Chief Judge Laurel M. Isicoff, and Judge Robert A. Mark
will each receive one-third of the Miami division cases filed under
chapters 7 and 13 of the Bankruptcy Code. Judge Hyman will not
receive assignment of any new chapter 11, 12 or 15 cases; and

2. All pending and reopened cases and any related adversary proceedings
shall be reassigned from retired bankruptcy Judge A. Jay Cristol to Judge

4

Paul G. Hyman, Jr. The Clerk of Court is directed to effect the transfer of these cases by entering an electronic transfer entry on the court docket in every affected case and adversary proceeding to reflect the current judge assignment; and

3. Hearings, including those hearings scheduled in cases and adversary proceedings reassigned under this order to Judge Hyman, will proceed on the date and time as scheduled. Judge Hyman will conduct these hearings pending the appointment of a new judge; and

4. Nothing in this order shall preclude the future transfer of cases   or adversary proceedings  to Judge Hyman, or if later deemed appropriate, reassignment of cases or adversary proceedings to another judge of this court; and

5. Reassignment of cases and adversary proceedings pursuant to this Order shall be effective on January 14, 2023.

On January 24, 2023, Ashlyn D. Beck, Circuit Executive, issued a memorandum (the "Memorandum") acknowledging that Chief Judge Laurel M. Isicoff timely submitted an Annual Certification of Need on January 6, 2023 affirming that substantial work exists for my services as a bankruptcy judge in this district. The Memorandum notes that my recall term began on January 4, 2021 and continues for three years.

This Court currently maintains, and has consistently maintained throughout the time of my recall status, a website that is open to the public. The website lists all current bankruptcy judges for the United States Bankruptcy Court for the Southern District of Florida by order of seniority. My name is listed immediately below that of Chief Judge Laurel M. Isicoff. The Court maintains, and has consistently maintained throughout the time of my recall status, a webpage informing the general public of my status as a recall judge, contact information, procedures, and other essential

5

information.

## CONCLUSION

Debtor filed the Motion fifteen days after entry of the Dismissal Order. Bankruptcy Rule 9023 requires filing a motion to reconsider within fourteen days after entry of the subject order. Debtor's Motion is therefore untimely.

In addition, Debtor's contentions regarding my authority to serve as a bankruptcy judge are incorrect. This Order clarifies the factual bases for my authority, all of which are public record.

Despite seeking reconsideration via the Motion and the Alter-Amend Motion, Debtor also appealed entry of the Dismissal Order. Debtor's simultaneous submission of two motions citing Bankruptcy Rule 9023 along with the Notice of Appeal regarding the same order created a situation where it might have been unclear as to precisely which issues, if any, might properly remain pending before this Court. That being said, all of Debtor's filings were untimely and thus his contentions are moot.[4]

To the extent that the Motion could have been procedurally valid in this Court, it is nonetheless defective because it does not assert an intervening change in controlling law or the availability of new evidence. And, as clarified herein, the circumstances surrounding entry of the Dismissal Order cannot and do not constitute clear error or result in manifest injustice.

Having considered the Motion and the full record of this Bankruptcy Case, the

---

[4] *See* ECF No. 40 (dismissing appeal as untimely).

Court **ORDERS** that:

      1.     The Motion (ECF No. 33) is DENIED.

      2.     The Court shall retain jurisdiction over all matters relating to the

interpretation or implementation of this Order.

###

Copies furnished to:

All parties by the Clerk.

7